| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

STATE OF OHIO EX REL. JACKIE
N. ROBINSON

    Relator

    v.

SUMMIT COUNTY CLERK OF
COURTS

    Respondent

C.A. No.  29377

ORIGINAL ACTION IN
MANDAMUS

Dated:  July 31, 2019

---

PER CURIAM.

{¶1}  Relator, Jackie Robinson, is incarcerated in the Lake Erie Correctional Institution.  He petitioned the Eleventh District Court of Appeals for a writ of mandamus directed to the Summit County Clerk of Courts to order the Clerk to provide him with copies of public records.  Because venue was improper in the Eleventh District Court of Appeals, that court transferred the action to the Ninth District Court of Appeals.

{¶2}  Mr. Robinson previously filed an action raising the same claim in this Court in case number 29083.  That case was dismissed because Mr. Robinson failed to comply with the mandatory requirements of R.C. 2969.25.  Once again, Mr. Robinson has failed to comply with the mandatory requirements of this statute and, therefore, this Court dismisses the petition.

{¶3}    R.C. 2969.25 sets forth specific filings requirements for inmates who file a civil action against a government employee or entity.  The Summit County Clerk of Courts is a government entity.  R.C. 2969.21.  Mr. Robinson, incarcerated in the Lake Erie Correctional Institution, is an inmate.  R.C. 2969.21(C) and (D).  A case must be dismissed if the inmate fails to comply with the mandatory requirements of R.C. 2969.25 in the commencement of the action.  *State ex rel. Graham v. Findlay Mun. Court*, 106 Ohio St.3d 63, 2005-Ohio-3671, ¶ 6 ("The requirements of R.C. 2969.25 are mandatory, and failure to comply with them subjects an inmate's action to dismissal.").

{¶4}    Mr. Robinson failed to comply with R.C. 2969.25(A), which requires that "[a]t the time that an inmate commences a civil action or appeal against a government entity or employee, the inmate shall file with the court an affidavit that contains a description of each civil action or appeal of a civil action that the inmate has filed in the previous five years in any state or federal court."  For each action or appeal, the affidavit must contain the case name, the case number, the court in which the case was filed, the name of each party, a brief description of the nature of the action or appeal, and the outcome.  R.C. 2969.25(A)(1) through (4).

{¶5}    Mr. Robinson attached an affidavit to his petition in which he swore "that I cannot recall all of the civil actions and appeals that I have filed in various courts * * *."  By his own admission, therefore, the affidavit is incomplete and fails to comply with R.C. 2969.25(A).  The affidavit was filed in September 2018, two months after case number 29083 was dismissed, but the affidavit failed to include that case.

{¶6} Mr. Robinson included eight cases on the list he could recall. While he included the case number and court in which the action was filed, he did not comply with the other requirements of R.C. 2969.25(A) by including the case name, the court in which the case was filed, the name of each party, a brief description of the nature of the action or appeal, and the outcome.

{¶7} Because Mr. Robinson did not comply with the mandatory requirements of R.C. 2969.25, the case is dismissed. Costs taxed to Mr. Robinson. The clerk of courts is hereby directed to serve upon all parties not in default notice of this judgment and its date of entry upon the journal.

THOMAS A. TEODOSIO
FOR THE COURT

CARR, J.
SCHAFER, J.
CONCUR.


APPEARANCES:

JACKIE N. ROBINSON, Pro se, Relator.

SHERRI BEVAN WALSH, Prosecuting Attorney, and COLLEEN SIMS, Assistant Prosecuting Attorney, for Respondent.